This is the case that we added to the calendar this last week, United States v. GLASS.  MR. LOCKLAND, APPELLANT, LEAVE DAVIS-GLASS, U.S. DISTRICT COURT Good afternoon. May it please the Court, I'm James Lockland. I represent the appellant, Leave Davis-Glass. I'd like to reserve two minutes for rebuttal, and I'll monitor my own time. The issue in this case isn't whether Ms. Glass's statements on December 1st constitutes contempt. The issue is whether the District Court properly utilized the summary contempt procedures of Rule 42B of the criminal procedure rules, as opposed to giving Ms. Glass the benefit of a full hearing under Rule 42A. The case law is clear that the summary contempt procedures under Rule 42B are to be used only in those rare, unusual, and exceptional circumstances where speedy punishment is necessary to deal with an imminent threat to the Court's ability to conduct its business. What was the compelling need for immediate punishment in this case? The District Court never offered any such circumstance, and even on appeal, the government hasn't offered any such circumstance that would justify using the summary contempt procedures in 42B. Even if Ms. — what Ms. Glass did on December — what she said on December 1st constituted contempt, there was nothing that she was doing that was such a disruption to the proceedings that required her to be immediately taken into custody, as opposed to setting the matter, giving full notice of the contempt charges, setting the matter down the road for a full hearing that comported with due process. She was taken in on December 1st, and was she then let out, or was she in continuously for until he let her out about a month later or so? She was in continuously until January 6th. I see. So she wasn't let out once these additional hearings were going on. No, Your Honor, although defense counsel did repeatedly ask for that, but that was denied. The government completely ignores the — this key requirement of the necessity for immediate punishment in the brief on appeal. And what they say is that the summary proceedings were justified because what happened was it occurred entirely within the presence of the court. And there are two problems with that. As I said, one, the main problem is it ignores a separate requirement, which they've offered no justification for satisfying. But more importantly, this isn't a case where everything that happened that was relevant to the summary contempt happened in front of the court. True, Ms. Glass's statements did happen in open court, and Judge Carter heard those statements. He called a recess. He called on the U.S. Marshals to go and conduct an investigation, which included them going to her car, examining it, taking down the vehicle I.D. number, running it through the DMV, and coming up with a printout, which they then presented to Judge Carter, along with their own description of what they saw in the car, all of which happened ex parte, in camera, and off the record. And then Judge Carter came back into court, clearly very upset at what he had heard, and held her in summary contempt. And the government has cited to no case that even — that has justified using summary contempt procedures in circumstances anywhere close to this, and in my own research I haven't found any summary contempt case that has even come close to a situation like this, where so much of what the court relied on to find the defendant in contempt happened outside of the courtroom. He then went on and had several other hearings. How is that pertinent? I mean, in other words, he first acted immediately, but then there were more hearings. Correct, Your Honor, and I think that what the government tries to do on appeal is say that even though throughout all of these proceedings Judge Carter was insistent, despite the defense counsel's repeated request to have him back away from the summary contempt proceedings, he was insistent that he did have the right to hold her in summary contempt. The government's argument that there's some sort of — like these subsequent hearings somehow created a de facto hearing. And I believe that there's no basis for that argument. I think at best what Ms. Glass got was half a hearing. And that half a hearing is the government's half. The marshals got to tell their side of the story without Ms. Glass or defense counsel ever being able to cross-examine them on what they saw or what they told the judge. The government submitted a stack of documents, including things like bank records, FBI 302 reports, eBay auction documents, DMV records, documents from an insurance investigation regarding the theft of the car, all of which they submitted without even submitting a declaration to try to have them authenticated and made admissible under the rules of evidence, let alone having those documents being challenged in court or have the people who created them or authenticated them cross-examined. So despite these repeated hearings — and Judge Carter did give us a chance to make a — make our record on the summary contempt issue, and we appreciate that. But we — in the end, Ms. Glass never did get a full hearing. And by that I mean a hearing where the judge — the government comes in and puts forth their evidence as to why she should be held in contempt, and Ms. Glass gets the opportunity to cross-examine those witnesses and to present evidence on her own behalf. I don't think there's any dispute that Ms. Glass never got a hearing like anything close to that. The other problem with trying to convert what happened in those subsequent hearings and interpret them as a Rule 42a hearing is that ultimately the written findings submitted by Judge Carter on December 16th were far more expansive than his original statements on December 1st as to why he was holding her in summary contempt. On December 1st, he clearly states, and he's very — he's very direct and to the point, he says, you lied about the license plates, you lied about the registration, you're in summary contempt, that's it, take her into custody. And that was — and based on those statements, the defense did try to marshal the defense to those charges, although I don't think he ever even gave a full hearing to those because there's nothing that he says in the subsequent hearings that makes it seem like he's actually considering that evidence as opposed to just sticking to his conviction that summary contempt was justified under the circumstances. But certainly nothing that happened on the later hearing on December 1st or the hearing on December 2nd or the hearing on the 8th or the 14th, nothing suggests all the things that ended up making it into the 30 facts listed in the written findings, things that included her failure to answer certain questions about who in her family used the car, about who else was a trustee in this trust that was listed as the legal owner on the car. I suppose if there was any argument for the need for immediate contempt, it would be the fact that she was involved in criminal proceedings and she had a lawyer, a public defender appointed for her, and there was a need to get information as to whether she was qualified to have the public defender or not to have the public defender so that the matters could proceed. What happened with that? I don't know if you're here. You're the public defender and you're still here. So how does that connect? Yes, Your Honor. I'll explain what happened and then I'll go on because I think that you raise interesting points that should be addressed. What ultimately happened is the court determined that it would be best that Ms. Glass could not really answer these charges or even submit a new financial affidavit without incriminating herself because based on the government's view of the case, she's lied in her first affidavit, if you believe them. So if she submits a second affidavit saying the same thing, she's incriminating herself again on the government's theory. If she submits an affidavit saying something new, then that's potentially subjecting her to criminal charges. So what the court did is it said, let's just put all these contempt issues off until the end of the case and we'll deal with them at that time when this isn't so much of an issue. And so the Public Defender's Office has remained on this case. We proposed to her. The contempt issue is dealing with the affidavit. Yes. And a lot of what happened in those proceedings between December 1st and December 14th were actually addressing those other issues. And he said, the judge said, I'm holding you in summary contempt based on what you said about the license and the registration, but I'm also very concerned about the affidavit, and those, the judge recognized, were things that happened outside of the courtroom and did require a full hearing under Rule 42A. So he did put those off. Let me ask you a question, which is, I think, not strictly relevant, but it struck me as a, what, as to your obligations, undoubtedly, you're privy to some of the facts anyway. If, put it as a hypothetical, if you came to the conclusion that she had a lot of assets, what would your obligation be? Your Honor raises a good point. I haven't thought about that. It certainly would put. You could, because, I mean, to go by analogy, it seems to me, in a case where you found that you, there was a conflict of interest which you hadn't known about, you might have an obligation to get out of the representation. And at least there's some analogy to that. If it turned out, and I don't know whether it's true or not, that she'd been lying about her finances, you have some obligation to the taxpayers who financed you, as well as an obligation to her. And I do think it's something to be thought about. Your Honor, I agree with you, and we have thought about those issues. I don't think they come into play in this case. I think what Your Honor raises could be potentially a problem in another case. Okay. I won't press any further. Thank you. What's the status of the underlying case? I believe it's scheduled to go to trial in the end of April. And is it part of your request for relief that the contempt matter be continued until after that trial? Yes, Your Honor. I believe that it makes sense for all the reasons that the district court recognized in putting the other contempt proceedings off until the end of trial. I think that if this Court reverses the summary contempt finding, it also makes sense to make those, deal with those issues at the same time the other contempt issues are dealt with. That really wouldn't be our problem. Our problem would be essentially whether summary contempt was proper, and if not, the district court could proceed under a, however he proceeds, under a. You're correct, Your Honor. Okay. Thank you. Thank you. Good afternoon, Your Honors. It pleases the Court. Jeanne Joseph appearing on behalf of the United States. As you well know, the issue presented here is whether or not the district court properly held the defendant in contempt. And as an initial matter, the government would simply like to note that this should be reviewed under an abuse of discretion standard because the case law makes quite clear that district courts ought to be given great discretion in determining what are the required means to ensure the orderly conduct of the proceeding of the court. Is that true? That's interesting, because it seems to me that we have an underlying due process problem here, that the reasons for these distinctions have to do with the need to assure due process. And the basic claim here, really, is that she was denied due process. So I do you have any case law that supports an abuse of discretion standard? Yes, Your Honor. Your Honor, in the Gustafson case, which is cited by both parties at page 1022, it notes that there is an abuse of discretion standard. Also, it talks about it at page 1023. We give great deference to trial judges' explicit determination that such procedures are adequate or plenary procedures are inadequate and summary procedures are necessary. Go ahead. Returning to the actual issues, I believe under this standard or not, the district court's decision can be upheld on two bases. Number one, under the summary contempt procedures of Rule 42B, as well as under the plenary contempt procedures under 42A, because effectively, the defendant here was given both her due process rights because she received both notice and an opportunity to be heard, as you note, not only was there a hearing on the morning of December 1st, 2003, but subsequently on that afternoon on December 2nd, on December 8th, and on December 12th. But those hearings were at a strange complexion to them. They were not exactly evidentiary hearings. Did the defendant have the opportunity to call witnesses? Yes, Your Honor. In fact, the judge, the district court made clear and kept putting off making his findings in order to give the defendant every opportunity to present evidence. But she was already in jail by then. That's correct. Although, she had the opportunity, again, on both the afternoon of December 1st, December 2nd, and days later. And the court kept asking, do you need any more time? I want to make sure to schedule this so you have all the opportunity in the world to present what you want. The defense was represented by counsel at each proceeding. They submitted two briefs, evidence, affidavits. The government submitted evidence as well. And so under that, and I think under the case law, which states that the type of notice and opportunity to be heard required under 42A is simple notice and an opportunity to be heard. It's a much more basic requirement than, say, an indictment or information and a full trial. And, in fact — And where was the notice that stated the essential facts constituting the charge of criminal contempt and describe it as such? Where's the notice in the record, Your Honor? Yes. What notice was it? Judge Carter gave oral notice, which is sufficient under — Of what? What was exactly the charge of criminal contempt? She was charged with contempt with her providing false information in response to the district court's questioning about her eligibility to continue to have Federal indigent services, specifically whether or not she had purchased a $40,000 car while claiming to be indigent. And so specifically — Is that what she was originally held in contempt for? I thought she was originally held in contempt for making two statements. One was about a license and the other was about registration. That's correct, Your Honor, because that went to the very issue and the — All right. So where is the notice that told her that she was being more generally charged with having, what, lied about getting this car or what? What exactly was she charged with? She was charged specifically and the questions and answers, the district court questions and her answers were back to her on two occasions, both on the morning of December 3rd and on the afternoon of December 3rd, and specifically, Your Honor's correct, regarding the registration and licensing of the car. Basically, are you the owner of this car? But then when the judge made findings, he made many findings about many other things. In addition, actually, on the afternoon of December 1st, 2003, also the government raised an issue about her statements regarding that she did not purchase this car. And the Court found that this was another, potentially a third issue with which you would be — an act of perjury and obstruction, which related to whether or not she purchased this car. And in fact — First of all, do you have any case in which perjury was held to be a subject to summary — A, contempt at all, but B, summary contempt? Well, as far as A, contempt, yes. The government cites the Clark case, which is probably the most similar case I could find. And in the Clark case, in fact, it's a juror who's being — a prospective juror who's being questioned by the district judge and gives false, misleading and invasive responses, and that's later felt held to be contemptuous conduct on that basis. But I also think that this — this case can be seen to be akin to the other contempt cases where a witness refuses to testify. Excuse me. Was Clark summary contempt? That was not summary contempt, Your Honor. But that's only because the district court did not become aware of the conduct until after the trial. So in that case, there couldn't have been any summary contempt because it didn't come to the court's attention soon enough. However, there are summary contempt cases involving a witness's refusal to respond to the district court, and that's very akin to this case. The district court had a duty to inquire whether this defendant continued to be eligible for Federal indigent services. That's the reason she was there at the status conference was representation issues. And in response to these questions, the defendant not only gave false responses but then gave invasive responses and then refused to respond to the court's questions. And under the case law, summary contempt is proper when a defendant's conduct obstructs a proceeding, and this is exactly that type of case. The court had to make — had a duty to make this inquiry, and the defendant basically had those proceedings come to the court. Was she held in contempt for refusing to answer questions as opposed to for answering them falsely? Well, Your Honor, I think that they're all somewhat tied together. But that's the problem. What was she — what notice was she given of what she was going to be held in contempt for? Well, Your Honor's right. I think that the notice initially, the court was trying to specify a few specific false statements. But the court's entire questioning of her, as we've seen from the sealed transcript on the morning of December 1st, had to do with all of these issues. And why they expanded, in fact, was because the defendant expanded them. First, she gave false answers, and then that led to the answers about the family and the family trust, which led further down to the more evasive answers to the point where she refused to respond at all. I won't tell you about my family. I'm not going to tell you about the trust. So the defendant, in fact, led the court down this path. And so at the end of the day the court said, okay, now at the end of this hearing, I am going to charge you with contempt for the following reasons. You didn't answer X question. You didn't answer Y question. We can't proceed this way. I can't make a decision about representation unless you answer those questions. Therefore, you're obstructing me. But he didn't do that. Well, Your Honor, the court did, again, as you noted, specifically try to point out a couple of specific false statements, the car registration and licensing, and then possibly also her statement about she didn't pay for the car, that it somehow wasn't hers. I think those are all get tied, sort of tied in together.  to be false. He actually never found anything about the licensing, right? Because he never did find that false. I'm sorry? He never found the licensing false in the end. Well, the licensing was false in that I think she said she didn't – there were no license plates on the car. There was, in fact, a license plate underneath. It was for her old car that had been junked.  She was given – if your basic argument, as I understand it this morning or this afternoon, is that we don't need to worry about 42B because 42A was complied with. And 42A requires notice. The court must give the person notice in open court in order to show coercion or arrest order, and notice must allow the defendant a reasonable time to prepare a defense. That's a question. But more than that, state the essential facts constituting the charge of criminal contempt and describe it as such. And that's what I'm trying to find. Where is that notice? Yes, Your Honor. I think, number one, I can cite to the record as to the Court's oral statement regarding the car licensing and registration issue, as well as possibly the third issue about using her own funds to purchase the car. But in addition, under the case law, as I said again, the notice is – can be simple notice. You have to be aware that you could be held in criminal contempt, not an issue here. And the basic charges, it's basically so that you can offer an explanation to explain or mitigate your punishment. In addition, it's been held that briefing by the parties can be held to be noticed. And certainly here, the – both the government and defense counsel submitted briefing, again, over the course of a couple of weeks, where the Senate was given every opportunity. But what about the fact that she was already in jail? Well, again, Your Honor, I think that the fact that she was already in jail, she agreed to allow herself – she waived her right to be out and agreed to stay in jail in order to do – so the Court would withhold its findings at a later time so she could present further evidence. So the Court allowed her to do this. It was ready to impose sentence right then at the first proceeding. I guess what I'm asking you is this. Does Rule 42a not assume that this notice is going to occur before the punishment starts? 42a does. You're right, Your Honor, but she was effectively being held at first under 42b, which was the summary contempt. So then we still have to address the question of whether that was proper. 42a or b, Your Honor. Well, we therefore have to decide whether 42b was proper, don't we? No? Yes, Your Honor. I think under the circumstances, 42b here was proper because the defendant's conduct has – conduct of this type has been held to be contemptuous. Secondly, because it took place in the district court's presence. And thirdly, because there was a need for prompt action, because it effectively obstructed the proceedings. And another basis by which courts have been properly held to use the summary contempt process is to coerce a reluctant witness – not coerce, to compel them to properly testify or respond to a district court's questions. And that's exactly what we had here. The district court was trying to compel the defendant to answer the questions so he can make a determination right there whether or not she continued to be eligible for Federal indigent services. And that was the obstruction. Okay. Thank you very much. Thank you. Thank you. 30 seconds. You seem very anxious. She went over a minute 39. All right. I'll just say one thing, Your Honor. The government suggests that, well, this isn't really a big deal because in the end, it all seemed to kind of work out okay. And this isn't like it's a real – like a real trial anyway. It is like a real trial. Ms. Glass is going to suffer consequences as a result of this contempt finding. It's like a conviction. If she gets – if she is convicted in the underlying case or any future case, this summary contempt conviction will give her one criminal history point that could affect her sentence in any other future proceedings. So I think that alone demonstrates that she deserves her day in court where the government has to prove beyond a reasonable doubt each of the elements of the contempt defense and give her a chance to present her defense to those charges. Thank you very much. Thank you. The case of United States v. Glass is submitted, and we are in recess until tomorrow afternoon. Thank you very much. All rise. This court is adjourned. Thank you.
judges: Skopil, Noonan, Berzon